IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS LAURIA, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BIOSANTE PHARMACEUTICALS, INC., and STEPHEN M. SIMES, <br><br><br> Defendants. | Case No. 1:12-cv-00772 |
| BALA PALANISAMY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BIOSANTE PHARMACEUTICALS, INC., and STEPHEN M. SIMES, <br><br> Defendants. | Case No. 1:12-cv-01215 |

**BIOSANTE INVESTOR GROUP'S MEMORANDUM IN OPPOSITION TO MARK DALE, THOMAS NORGIEL AND JEFFREY RENNELL'S MOTIONS FOR LEAD COUNSEL**

## I.      INTRODUCTION

Movants Avraham Shaked, Sue Benson and Raymond Skubel (the "BioSante Investor Group") submit this memorandum in opposition to the two competing motions for lead plaintiff filed on April 6, 2012. *See* Dkt. Nos. 12, 21.  The above-captioned lawsuits filed against BioSante Pharmaceuticals, Inc. ("BioSante" or the "Company") and certain of its top officers and directors (collectively, "defendants") allege that defendants committed securities fraud by

issuing a series of false and misleading statements between February 12, 2010 and December 15, 2011 (the "Class Period").

The PSLRA instructs the Court to appoint as lead plaintiff the person or ***group of persons*** with the largest financial interest in the outcome of the litigation that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").[1]  *See* 15 U.S.C. § 78u-4(a)(3)(B); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227 (N.D. Ill. 2002).  With losses exceeding $1,443,477.20, the BioSante Investor Group has the largest financial interest of the competing movants.  The BioSante Investor Group also meets the requiremenets of Rule 23 as its claims are identical to those of the absent class members, and its interests are not antagonistic to those of the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Consequently, the BioSante Investor Group fulfills the requirements promulgated by the PSLRA and should be appointed as lead plaintiff.

## II.     ARGUMENT

### A.      The BioSante Investor Group Is the Most Adequate Plaintiff

According to the PSLRA, the Court must appoint as lead plaintiff the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii).  In making this determination, the PSLRA instructs courts to adopt a presumption that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class, and
>
> (cc) otherwise satisfies the requirements of Rule 23 ofthe Federal Rules of Civil Procedure.

---

[1]     The BioSante Investor Group filed its motion for lead plaintiff within the sixty day statutory deadline required by the PSLRA.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As discussed below, the BioSante Investor Group should be presumed lead plaintiff because it satisfies these requirements.

### 1. The BioSante Investor Group Has the Largest Financial Interest

In their opening lead plaintiff motion papers, all of the competing movants correctly argued that the most adequate plaintiff is the person or group of persons who has the largest financial interest in the relief sought by the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

A comparison of the movants' losses reveals that the BioSante Investor Group has the largest financial interest in the relief sought by the class. The BioSante Investor Group sustained a loss of $1,443,477.20—a loss that is 58% greater than that claimed by the joint movants Thomas Norgiel and Jeffrey Rennell (the "Norgiel-Rennell Group"), the competing movants whose combined losses are the next largest financial interest in the relief sought by the class.[2] Moreover, Avraham Shaked, a member of the BioSante Investor Group, alone sustained a loss of more than $1,167,194.63—the largest individual loss of any of the competing movants and greater than any other group's combined loss. *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 531 (N.D. Cal. 2009) (appointing an investor group lead plaintiff who also had an individual investor who had the single largest financial stake). Because it has the largest financial interest in this litigation, the BioSante Investor Group is the presumptively most adequate plaintiff.

---

[2] The losses sustained by the individual members of the competing movant groups are as follows: (1) BioSante Investor Group: $1,443,477.20 (Avraham Shaked, $1,167,194.63; Raymond Skubel, $141,192.61; Sue Benson, $135,090.00); Thomas Norgiel and Jeffrey Rennell Group: $843,842.42 (Thomas Norgiel, $498,305.51; Jeffrey Rennell, $345,536.91); and Mark Dale: $73,683.72.

2.      **The BioSante Investor Group Satisfies the Requirements of Rule 23**

The PSLRA requires that the presumptive lead plaintiff satisfy the requirements of Rule

23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, typicality and

adequacy of representation are the only relevant considerations.  *See Tellabs*, 214 F.R.D. at 228

(citing *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 WL 461036, at *6

(N.D. Ill. Aug. 11, 1997)) ("'[a] wide-ranging analysis under Rule 23 is not appropriate and

should be left for consideration of a motion for class certification.  This inquiry, therefore,

focuses on . . . typicality and adequacy.'").  The BioSante Investor Group meets both of these

requirements.

First, the BioSante Investor Group is typical because its claims arise from defendants'

fraudulent and artificial inflation of BioSante's stock price during the Class Period—the same

course of conduct and the same operative facts which damaged the entire class.  *See Rosario v.*

*Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (plaintiff's claims are typical if they arise from the

same event or practice or course of conduct that gives rise to the claims of class members).

Second, the BioSante Investor Group is adequate because its interests are not antagonistic to

those of the class and it has a sufficient interest in the outcome of this litigation to ensure that it

will vigorously prosecute it.  *See Tellabs*, 214 F.R.D. at 228-29.  Additionally, the BioSante

Investor Group has retained counsel experienced in securities litigation and well-suited to

prosecute this action on behalf of the class.  Because the BioSante Investor Group has the largest

financial interest in this litigation and also satisfies the typicality and adequacy requirements of

Rule 23, it is presumptively the most adequate plaintiff to represent the class as lead plaintiff in

this case.  *See* 15 U.S.C. § 78u-4-(a)(3)(B)(iii)(I); *see also Tellabs*, 214 F.R.D. at 228-29.

B.      **The Losses Sustained by the Norgiel-Rennell Group and Mark Dale**
        **Are Too Small to Support Their Appointment as Lead Plaintiff**

4

With claimed losses of little over $843,842.42 and $73, 683.72 respectively, the Norgiel-Rennell Group and Mark Dale do not possess anywhere near the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Hence, these movants do not best satisfy the requirements of Rule 23 when compared to the BioSante Investor Group. *See supra* § II.A.1.

III.     CONCLUSION

The BioSante Investor Group has the greatest financial interest in the relief sought by the

class, and satisfies the requirements of Rule 23.  Accordingly, the BioSante Investor Group's

motion for appointment as lead plaintiff and approval of its selection of Levi & Korsinsky LLP

as lead counsel should be granted.


Dated:  April 20, 2012                        Respectfully submitted,

                                              **DITOMMASO ♦ LUBIN, P.C.**

                                              /s/Vincent L. DiTommaso
                                              Vincent L. DiTommaso
                                              Peter Lubin
                                              17 W 220 22nd Street – Suite 410
                                              Oakbrook Terrace, Illinois 60181
                                              Tel: (630) 333-0000
                                              Fax: (630) 333-0333
                                              Email: vdt@ditommasolaw.com
                                              Email: psl@ditommasolaw.com

                                              Nicholas I. Porritt
                                              Thomas M. Gottschlich
                                              **LEVI KORSINSKY LLP**
                                              1101 30th Street NW
                                              Suite 115
                                              Tel: (202) 425-4291
                                              Fax: (202) 333-2121
                                              Email: nporritt@zlk.com
                                              Email: tgottschlich@zlk.com

                                              Eduard Korsinsky
                                              Eric Andersen
                                              **LEVI KORSINSKY LLP**
                                              30 Broad Street, 24th Floor
                                              New York, New York 10004
                                              Tel: (212) 363-7500
                                              Fax: (212) 363-7171
                                              Email: ek@zlk.com
                                              Email: eandersen@zlk.com

## <u>CERTIFICATE OF SERVICE</u>

I, Vincent L. DiTommaso, the undersigned attorney, hereby certify that on the 20th day of April, 2012, I caused to be served a copy of the within and foregoing BioSante Investor Group's Memorandum in Opposition to Mark Dale, Thomas Norgiel and Jeffrey Rennell's Motions for Lead Counsel, via ECF, on all counsel of record.


/s/ Vincent L. DiTommaso
      Vincent L. DiTommaso