IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS LAURIA, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOSANTE PHARMACEUTICALS, INC., and STEPHEN M. SIMES,<br><br>Defendants. | Case No. 1:12-cv-00772 |
| BALA PALANISAMY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOSANTE PHARMACEUTICALS, INC., and STEPHEN M. SIMES,<br><br>Defendants. | Case No. 1:12-cv-01215 |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF THE
BIOSANTE INVESTOR GROUP FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF ITS COUNSEL</u>**

Movants Avraham Shaked, Sue Benson and Raymond Skubel (the "BioSante Investor Group") submit this reply brief in further support of its motion for lead plaintiff, filed with the Court on April 6, 2012. As the movant with the largest financial interest in the relief sought by the class, the BioSante Investor Group should be appointed lead plaintiff in this action.

**I.    THE BIOSANTE INVESTOR GROUP SHOULD BE APPOINTED LEAD
       PLAINTIFF**

### A. The Largest Investor of the BioSante Investor Group Alone Has More Losses Than the Other Movants

It is undisputed that the BioSante Investor Group has far and away the largest losses in this case and therefore the largest financial interest in the relief sought by the class. As set forth in its opposition brief, the BioSante Investor Group's $1,443,477.24 in losses are ***$599,634.82 more than the movant group with the second largest amount of losses***, Thomas Norgiel and Jeffrey Rennell (the "Norgiel-Rennell Group"). In fact, Avraham Shaked, the BioSante Investor Group's largest shareholder, singlehandedly has $1,167,194.63 in losses, which by itself is $323,352.21 greater than the Norgiel-Rennell Group's losses. Despite the competing movants' attempts to complicate the issue, the inquiry here is quite simple: the Court is required to presume that the most adequate plaintiff is the one who has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 580-81 (N.D. Ill. 2005) (appointing unrelated group of investors lead plaintiff). Whether the Court chooses to appoint a sole individual or a group as lead plaintiff on behalf of the class, the BioSante Investor Group, or alternatively Avraham Shaked, is the presumptive lead plaintiff under the plain reading of the statute and case law interpreting it, and the movants have done nothing to rebut that presumption.

### B. The BioSante Investor Group Is A Small Cohesive Group Capable of Working Together As Lead Plaintiff

The BioSante Investor Group consists of three individual investors. All three intended to move for lead plaintiff together as a group, but due to the timing of the lead plaintiff deadline (which occurred during Passover), Avraham Shaked was unable to convene on the conference call. However, Mr. Shaked was aware at the time and is willing and able to serve in the group. Courts in this District routinely appoint small groups of unrelated investors as lead plaintiff in

securities class actions. For example, in *City of Sterling Heights Gen. Empl'ees. Ret. Sys. v. Hospira, Inc.*, Judge St. Eve in this district less than two weeks ago appointed as lead plaintiff an unrelated group with the largest cumulative loss over the protestations of a smaller but related investor group, an identical circumstance to the one present here. No. 11 C 8332, 2012 WL 13396978, at *8 (N.D. Ill. Apr. 18, 2012); *see also Bang v. Acura Pharm., Inc.*, No. 10 C 5757, 2011 WL 91009, at *2 (N.D. Ill. Jan. 11, 2011) (Kendall, J.); *Takara Trust*, 229 F.R.D. at 50-81. In appointing the group lead plaintiff, the court in *Bang*, due to the paucity of Seventh Circuit law on the issue, adopted the reasoning of the Third Circuit in *In re Cendant Corp. Litigation* in appointing a small group of unrelated individuals, which stated:

> [T]he PSLRA 'contains no requirement mandating that the members of a proper group be 'related' in some manner' . . . . Rather, that Circuit held that courts should 'concern' themselves with whether a movant group will fairly and adequately protect the interests of the class; as such the extent of the prior relationships between members of a movant group may enter 'into the calculus' of the equation but it is not dispositive.

*Bang*, 2011 WL 91009, at *3 (quoting *In re Cendant*, 264 F.3d 201, 266 (3d Cir. 2001)); *accord Hospira*, 2012 WL 1339697, at *8. This practice is consistent with other districts where "the trend in recent years . . . seems to be away from a blanket prohibition against 'lead plaintiff groups' with no pre-existing relationship . . . ." *Sabbagh v. Cell Therapeutics, Inc.*, 2010 WL 3064427, at *4 (W.D. Wash Dec. 19, 2011); *see also Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *5 (N.D. Cal. Aug. 28, 2008) ("[A] pre-existing relationship between entities that comprise a group is not required if the resulting group is small and cohesive enough such that it can adequately control and oversee the litigation.").

This is not a situation where the movant group needs to accumulative its losses to overcome a competing movant, since, as stated above, the BioSante Investor Group *and* its largest investor both have hundreds of thousands of dollars of losses more than all other

3

competing movants. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999) (appointing group of investors lead plaintiff because it contained investor with single largest losses). Rather, joining the investors together will add diversity to the group, as Mr. Shaked is an investor from Israel and Ms. Benson and Mr. Skubel are both located in the United States. This diversity of opinions will help to adequately monitor counsel and the case on behalf of the class. *See In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### C. In the Alternative, the Court Should Appoint Shaked As Sole Lead Plaintiff

While courts in this district have appointed small groups of unrelated investors lead plaintiff, if the Court determines that the BioSante Investor Group would not adequately represent the plaintiff class, the Court should instead appoint Mr. Shaked as sole lead plaintiff. Despite the Norgiel-Rennell Group's averments to the contrary, courts routinely appoint the largest individual shareholder if it is unsatisfied with a group's composition for lead plaintiff in securities class actions. *See, e.g.*, *In re Bally Total Fitness Sec. Litig*, No. 04C3530, 2005 WL 627960, at *4-6 (N.D. Ill. Mar. 15, 2005); *see also In re CMED Secs. Litig.*, No. 11 Civ. 9297(KBF), 2012 WL 1118302, at *5 (S.D.N.Y. Apr. 2, 2012) (looking to individual members of group compared to competing movants and appointing movant with largest losses); *Beckman v. Ener1, Inc.*, No. 11 Civ. 5794(PAC), 2012 WL 512651, at *2-4 (S.D.N.Y. Feb. 15, 2012); *Varghese v. China Shenghou Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008) (noting "the Court may consider Maa, the largest shareholder of the Maa Group, individually, as if he had moved to be appointed as lead plaintiff alone"); *Eichenholtz*, 2008 WL 3925289, at *10 (rejecting proposed group, yet considering individual entity); *In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124, 130 (D. Conn. 2005) (considering proposed members of moving groups

on an individual basis); *In re Donnykenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) (appointing individual entity as lead plaintiff after denying the motion of its larger group).

The Rennell-Norgiel Group cites four cases for the proposition that the Court cannot consider an individual member of a group for the purposed of moving for lead plaintiff. The four cases cited by the group, however, directly contradict the practice used by the courts in this district and the overwhelming precedent in favor of appointing the largest shareholder in a group lead plaintiff. *See In re Bally*, 2005 WL 627960, at *6 (appointing largest investor from movant group to serve as lead plaintiff). Indeed, one of the cases cited, *In re Critical Path Securities Litigation*, explicitly stated that "[i]n certain circumstances, it may serve the interests of the class to sever from a group a single plaintiff . . . [that] should be appointed the 'most adequate plaintiff.'" 156 F. Supp. 2d 1102 (N.D. Cal. 2001). Those circumstances are met here. The other cases are outliers and otherwise inapposite to the facts and circumstances here.

Furthermore, Shaked stated in his declaration that "I am willing to serve as a representative party on behalf of the class[,]" demonstrating that he has contemplated the possibility of moving alone, and is fully capable of fairly and adequately protecting the interests of the class. Therefore, while we believe that the BioSante Investor Group is cohesive and adequate for the purposes of being lead plaintiff, in the event the Court chooses to appoint an individual lead plaintiff with the largest losses, Avraham Shaked is capable and willing to serve as lead plaintiff.

### D. Minor Technical Deficiencies Do Not Rebut the Presumption That the BioSante Investor Group is the Most Adequate Plaintiff

The competing movants predictably attempt to snipe away at *de minimis* issues with the BioSante Investor Group's submissions to attempt to rebut the presumption that it is the most adequate plaintiff, despite its overwhelming superiority in the amount of losses suffered. None

of the issues raised by the movants, however, is evidence sufficient to rebut the presumption that the BioSante Investor Group is the most adequate plaintiff. *See, e.g.*, *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) (conclusory assertions of inadequacy not sufficient to rebut presumption of adequacy). Indeed, "since 'it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit []a certificate,' at this stage of the litigation, the adequacy of the certificate should not be the determinative factor in selecting the lead plaintiff." *Bhojwani v. Pistolis*, No. 06 Civ. 13761, 2007 WL 2197836, at *8 (S.D.N.Y. June 26, 2007) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.*, 229 F.R.D. 395, 407 (S.D.N.Y.2004)); *accord Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1155 (N.D. Cal. 1999) (concluding that "[i]t seems strained to recast the words 'filed with the complaint' to mean 'filed with the complaint or motion.' . . . the legislative history indicates that Congress knew that it was limiting the certification requirement to those who file complaints.")

First, the Norgiel-Rennell Group makes the argument that because Sue Benson of the BioSante Investor Group's signature is e-signed that it is somehow invalid. This argument is without merit. Electronic signatures are generally acceptable as genuine and there is no authority which states that a PSLRA certification needs to be signed with a written signature. *See Magyar v. St. Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 770 (7th Cir. 2008) (electronically signed affidavits are sufficient and "regularly honored"); *cf. Bhojwani*, 2007 WL 2197836, at *8. They cite to a decision where the movant filed an amended certification because the initial certification (which contained the electronic signature) contained misleading trading data and loss calculations, and also mistakenly stated that the movant reviewed a complaint, which it turned out in a deposition was false. *In re Vonage Init. Pub. Offering (IPO) Secs. Litig.*, No. 07-177(FLW), 2007 WL , at

\*8 n.8 (Sept. 7, 2007). Hence, the fact that it was an electronic signature was not the reason the court cast doubt upon the movant's certification.

Second, the Norgiel-Rennell Group also attempts to disqualify Avraham Shaked's certification because it does not list his trades. Just as the with Benson's certification, a minor deficiency with Shaked's certification is not enough to disqualify him as lead plaintiff. *Bhojwani*, 2007 WL 2197836, at \*8. Not surprisingly, their brief lists no authority where the court has found a lead plaintiff inadequate because his trades were not listed in his certification. Regardless, the detail of Mr. Shaked's trades were listed in Exhibit B to the Porritt Declaration and, therefore, has been submitted in support of the motion to be appointed lead plaintiff and demonstrate his position as the movant with the largest individual financial interest in this case, mooting any questions regarding the timing of his trades. Therefore, there is nothing to rebut the presumption that either he or the BioSante Investor Group is the presumptive lead plaintiff.

## II. CONCLUSION

For the foregoing reasons, the BioSante Investor Group should be appointed lead plaintiff. In the alternative, as the shareholder with the largest loss, Avraham Shaked should be appointed in the event the Court does not wish to appoint a group as lead plaintiff.

Dated: April 27, 2012          Respectfully submitted,

**DITOMMASO ♦ LUBIN, P.C.**

/s/Vincent L. DiTommaso
Vincent L. DiTommaso
Peter Lubin
17 W 220 22nd Street – Suite 410
Oakbrook Terrace, Illinois 60181
Tel: (630) 333-0000
Fax: (630) 333-0333
Email: vdt@ditommasolaw.com
Email: psl@ditommasolaw.com

Nicholas I. Porritt
Thomas M. Gottschlich
**LEVI KORSINSKY LLP**
1101 30th Street NW
Suite 115
Tel: (202) 425-4291
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: tgottschlich@zlk.com

Eduard Korsinsky
Eric Andersen
**LEVI KORSINSKY LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com
Email: eandersen@zlk.com

**CERTIFICATE OF SERVICE**

I, Vincent L. DiTommaso, the undersigned attorney, hereby certify that on the 27th day of April, 2012, I caused to be served a copy of the within and foregoing Reply Brief in Further Support of the Motion of the BioSante Investor Group for Appointment as Lead Plaintiff and Approval of Its Counsel, via ECF, on all counsel of record.

                                                /s/ Vincent L. DiTommaso
                                                   Vincent L. DiTommaso